UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. |
| ) | 1:08-cr-33-1-5 |
| SAMUEL JONES; ) | (21 U.S.C. §§ 841(a), 846, 18 U.S.C. §§ |
| JEAN MARIE PHILLIPS, ) | 922(a)(6), 922(g)(1), (3), and 1038(a)(1)) |
| CHERYL BARBER, ) | |
| IVAN STELZER, and ) | |
| BILL COVELL, ) | |
| Defendants. ) | |

## INDICTMENT

### Count 1

The Grand Jury charges that:

From in or about the Summer of 2006, to in or about July of 2007, in the District of Vermont and elsewhere, defendants SAMUEL JONES, JEAN MARIE PHILLIPS, CHERYL BARBER, and others, known and unknown to the Grand Jury, conspired to knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 846)

**Count 2**

The Grand Jury further charges that:

On or about July 2, 2007, in the District of Vermont, the defendant SAMUEL JONES, having been previously convicted of offenses punishable by imprisonment of a term exceeding one year, that is:

1. Attempted Criminal Possession of a Controlled Substance, 5th Degree, Saratoga County, New York, 1990;

2. Criminal Possession of Narcotics, 3rd Degree, Washington County, New York, 1996;

3. Retail Theft, Bennington County, Vermont, 2003;

possessed a firearm that had been shipped or transported in interstate and foreign commerce, that is, a Smith & Wesson, .357 caliber pistol, serial number 23091.

(18 U.S.C. § 922(g)(1))

## Count 3

The Grand Jury further charges that:

On or about July of 2007, in the District of Vermont, SAMUEL JONES, having been previously convicted of offenses punishable by imprisonment of a term exceeding one year, that is:

1. Attempted Criminal Possession of a Controlled Substance, 5th Degree, Saratoga County, New York, 1990;

2. Criminal Possession of Narcotics, 3rd Degree, Washington County, New York, 1996;

3. Retail Theft, Bennington County, Vermont, 2003;

possessed ammunition that had been shipped or transported in interstate and foreign commerce, that is, Smith & Wesson, .40 caliber ammunition.

(18 U.S.C. § 922(g)(1))

## Count 4

The Grand Jury further charges that:

On or about August 2, 2007, in the District of Vermont, SAMUEL JONES intentionally conveyed false and misleading information about an imminent terrorist attack in Albany, New York, under circumstances where such information may reasonably have been believed.

The false information SAMUEL JONES conveyed indicated that a terrorist group would soon use ambulances outfitted with explosive devices to damage and destroy hospitals in Albany, New York. According to SAMUEL JONES, the ambulances outfitted with explosive devices were stored by the terrorist group in a warehouse in Albany, New York. SAMUEL JONES claimed to have visited the warehouse and seen the outfitted ambulances.

The activity that SAMUEL JONES claimed would take place would violate federal laws, including 18 U.S.C. §§ 33, 842, and 2332f.

(18 U.S.C. §1038(a)(1))

## Count 5

The Grand Jury further charges that:

On or about June 2, 2007, in the District of Vermont, in connection with the acquisition of a firearm from Great Outdoors Trading Co., Rutland, Vermont, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, JEAN MARIE PHILLIPS, knowingly made a false and fictitious written statement to Great Outdoors Trading Co., which was intended and likely to deceive Great Outdoors Trading Co. as to a fact material to the lawfulness of the sale of a Browning Pro 40, .40 cal. pistol, serial number, 51CMV01596, to JEAN MARIE PHILLIPS under chapter 44 of Title 18.

Specifically, JEAN MARIE PHILLIPS executed a Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, representing that she was the actual buyer of the firearm indicated on the Form 4473, and that she was not an unlawful user of controlled substances when, in fact, as JEAN MARIE PHILLIPS then knew, these representations were false and fictitious.

(18 U.S.C. § 922(a)(6))

## Count 6

The Grand Jury further charges that:

On or about June 7, 2007, in the District of Vermont, in connection with the acquisition of a firearm from Mart's Sporting Goods, Poultney, Vermont, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, JEAN MARIE PHILLIPS, knowingly made a false and fictitious written statement to Mart's Sporting Goods, which was intended and likely to deceive Mart's Sporting Goods as to a fact material to the lawfulness of the sale of a Taurus 1911, .45 cal. pistol, serial number, NAO35919, to JEAN MARIE PHILLIPS under chapter 44 of Title 18.

Specifically, JEAN MARIE PHILLIPS executed a Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, representing that she was the actual buyer of the firearm indicated on the Form 4473, and that she was not an unlawful user of controlled substances when, in fact, as JEAN MARIE PHILLIPS then knew, these representations were false and fictitious.

(18 U.S.C. § 922(a)(6))

## Count 7

The Grand Jury further charges that:

On or about June 14, 2007, in the District of Vermont, in connection with the acquisition of a firearm from New England Outdoorsman, Rutland, Vermont, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, JEAN MARIE PHILLIPS, knowingly made a false and fictitious written statement to New England Outdoorsman, which was intended and likely to deceive New England Outdoorsman, as to a fact material to the lawfulness of the sale of a Taurus PT24/7 Pro, .40 cal. pistol, serial number, SZF41968, to JEAN MARIE PHILLIPS under chapter 44 of Title 18.

Specifically, JEAN MARIE PHILLIPS executed a Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, representing that she was the actual buyer of the firearm indicated on the Form 4473, and that she was not an unlawful user of controlled substances when, in fact, as JEAN MARIE PHILLIPS then knew, these representations were false and fictitious.

(18 U.S.C. § 922(a)(6))

## Count 8

The Grand Jury further charges that:

On or about May 31, 2007, in the District of Vermont, in connection with the attempted acquisition of a firearm from Great Outdoors Trading Co., Rutland, Vermont, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, CHERYL BARBER, knowingly made a false and fictitious written statement to Great Outdoors Trading Co., which was intended and likely to deceive Great Outdoors Trading Co. as to a fact material to the lawfulness of the sale of a Browning Hi-Power, 9 mm pistol, serial number, 511MW51319, to CHERYL BARBER under chapter 44 of Title 18.

Specifically, CHERYL BARBER executed a Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, representing that she was the actual buyer of the firearm indicated on the Form 4473, and that she was not an unlawful user of a controlled substances when, in fact, as CHERYL BARBER then knew, these representations were false and fictitious.

(18 U.S.C. § 922(a)(6))

## Count 9

The Grand Jury further charges that:

On or about May 22, 2007, in the District of Vermont, in connection with the acquisition of a firearm, from Otter Valley Supply, Rutland Vermont, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, BILL COVELL, knowingly made a false and fictitious written statement to Otter Valley Supply, which was intended and likely to deceive Otter Valley Supply as to a fact material to the lawfulness of the sale of a Walther, P99 .40 caliber pistol, serial number FAE0042, to BILL COVELL under chapter 44 of Title 18.

Specifically, BILL COVELL executed a Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual buyer of the firearm indicated on the Form 4473, and that he was not an unlawful user of controlled substances when, in fact, as BILL COVELL then knew, these representations were false and fictitious.

(18 U.S.C. § 922(a)(6))

## Count 10

The Grand Jury further charges that:

On or about July of 2007, in the District of Vermont, IVAN STELZER, then being an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess, in and affecting interstate and foreign commerce, a Smith & Wesson, .357 caliber pistol, serial number 23091.

(18 U.S.C. § 922(g)(3))

(TCD)   THOMAS D. ANDERSON
United States Attorney
Rutland, Vermont
March 26, 2008